UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL A. GRESHAM,<br><br>                           Plaintiff,<br>    v.<br>JAMES DZURENDA, et al.,<br><br>                           Defendants. | Case No.  3:19-cv-00211-MMD-WGC<br><br>ORDER |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner.  Plaintiff paid the full filing fee in this matter.  (ECF No. 4).  The Court entered a screening order on March 13, 2020.  (ECF No. 5).  The screening order stayed the case and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator.  (ECF Nos. 5, 8).  The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action.  (ECF No. 17).  Accordingly, the Court lifts the stay in this case.

The Court ordered that the parties not file any pleadings during the stay.  (ECF No. 10.)  Despite this order, Plaintiff filed a motion requesting that the Court find that the Defendants violated his due process rights.  (ECF No. 14.)  Plaintiff appears to argue that the Court ordered the Defendants not to move Plaintiff to a different prison, citing to his own complaint, which was attached to the Court's screening order.  (*Id.* at 2.)  The fact that Plaintiff's complaint was attached to the Court's screening order does not indicate

1

that the Court granted any of Plaintiff's requests for relief in his screening order, including his request that he not be moved to a different prison. Thus, the Defendants did not violate the screening order, and the Court denies Plaintiff's motion.

To the extent that Plaintiff's motion can be construed as a motion for preliminary injunctive relief, the Court notes that injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Plaintiff's complaint alleges that he has been improperly denied access to religious items. (ECF No. 5 at 3-5.) In his motion, Plaintiff alleges that he has been transferred to a different prison and has had his custody level changed. (ECF No. 14 at 2.) Because these allegations are not related to the claims pled in the complaint, the Court does not have the authority to issue an injunction based on these allegations. Thus, even if Plaintiff's motion could be construed as a motion for a preliminary injunction, the Court would deny the motion.

Finally, Plaintiff also filed motion seeking "default/summary judgment" on his motion based on the Defendants failure to respond to his motion. (ECF No. 15.) Because this case was stayed, the Defendants were not required to respond to any motions, and Plaintiff's motion seeking default is improper. Accordingly, the Court denies Plaintiff's motion for default (ECF No 15).

**IT IS THEREFORE ORDERED** that:

1. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 6) on the Office of the Attorney General of the

2

State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

2. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

3. Subject to the findings of the screening order (ECF No. 5), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, *under seal*, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

4. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

5. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 6) within **sixty (60) days** from the date of this order.

6. Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required.

Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

7. Plaintiff's motions for a finding that the Defendants violated his due process rights (ECF No. 14) and that the Defendants defaulted (ECF No. 15) are denied.

8. This case is no longer stayed.

DATED: July 27, 2020.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE

4