UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL A. GRESHAM,<br><br>       Plaintiff<br><br>v.<br><br>JAMES DZURENDA, et. al.,<br><br>       Defendants | Case No.: 3:19-cv-00211-MMD -WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

It is recommended that this action be dismissed due to Plaintiff's failure to keep the court apprised of his current address and to continue prosecuting this action, and that Defendants' pending motion for summary judgment be denied as moot.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 6.) The court screened the complaint and allowed Plaintiff to proceed with a First Amendment and equal protection claims based on allegations that defendants Dzurenda, Wickham, Baca, Irvin, Sotner, and Ward did not act to ensure Plaintiff could purchase religious items central to his practice of Siddha Yoga. (ECF No. 5.)

On April 9, 2021, Defendants filed their motion for summary judgment. (ECF No. 38.) The motion was served electronically on Plaintiff at his last address of record at Lovelock

Correctional Center (LCC), and was returned as undeliverable. (ECF No. 39.) Plaintiff did not timely file a response. On June 8, 2021, the court gave Plaintiff an additional 30 days, until July 8, 2021, to file his response. (ECF No. 41.) This order was also returned as undeliverable. (ECF No. 42.)

An inmate search on the NDOC website reveals that Plaintiff has been discharged or released. Plaintiff has not filed an updated address, and the court has had no further contact from him.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In addition, Local Rule IA 3-1 provides that a plaintiff must immediately file written notification of any change of address, and the failure to do so may result in dismissal of the action, default judgment or other sanction as deemed appropriate by the court.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit or apprise the court of his current address impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent

upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff or any notification of his current address. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions in light of the fact that Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b). Dismissal is also appropriate under Local Rule IA 3-1, which advises a litigant that a failure to keep the court apprised of his current address may result in dismissal of the action.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE** as a result of Plaintiff's failure to prosecute and keep the court apprised of his current address. As a result, Defendants' pending motion for summary judgment (ECF No. 38) should be **DENIED AS MOOT**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report

and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 23, 2021

_____
William G. Cobb
United States Magistrate Judge